UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          Crim. No. 13-cr-20542
                                               Civ.   No. 15-cv-11059
vs.                                                  Hon. Gerald E. Rosen

CHRISTOPHER KEMP,

          Defendant.
_____/

OPINION AND ORDER (1) DENYING § 2255 MOTION TO VACATE
CONVICTION AND SENTENCE, (2) DENYING CERTIFICATE OF
APPEALABILITY AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 9, 2016

PRESENT: Honorable Gerald E. Rosen
                  United States District Judge

I. INTRODUCTION

On July 18, 2013, Christopher Kemp was charged in a two-count Indictment with one count of possession with intent to distribute cocaine base ("crack cocaine") and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). On December 10, 2013, Kemp pled guilty to both counts pursuant to Rule 11 Plea Agreement. Under the Plea Agreement, Kemp agreed that his applicable Guidelines sentencing range was 188-235 months, with the understanding that if his criminal history

category proved to be higher than the Criminal History Category VI upon which that sentencing range was based, the higher Guideline range would become the agreed range. Defendant also waived his appeal rights as to both his conviction and sentence. On March 24, 2014, Kemp was sentenced to 180 months on Count 1 and 180 months on Count 2, to run concurrently, to be followed by five years of supervised release.

On March 20, 2015, Kemp filed the instant "Motion for Vacation of Conviction and Sentence Pursuant to 28 U.S.C. § 2255." As grounds for relief, Defendant alleges ineffective assistance of counsel based upon his attorney's alleged (1) failure to argue that there was no factual basis for the drug quantity involved in crimes with which he was charged; (2) failure to request a downward departure under § 4A1.3; and (3) failure to file a motion to suppress the drug offenses for insufficient evidence of drug amount.

## II.  DISCUSSION

The requirements for demonstrating ineffective assistance of counsel were established by the United States Supreme Court in *Strickland v. Washington*, 406 U.S. 668, 104 S.Ct. 2052 (1984). To establish ineffective assistance of counsel, it must be shown (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. 406 U.S. at 687, 104 S.Ct. at 2064.

The proper standard for assessing an attorney's performance is that of reasonably effective assistance. *Id.* Thus, a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not "a reasonably competent attorney" and the advice was

not "within the range of competence demanded of attorneys in criminal cases." *Id.*

The *Strickland* court further directed that judicial scrutiny of counsel's performance must be highly deferential. *Id.*, 406 U.S. at 689, 105 S.Ct. at 2065. The court explained the need for deference:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* (Citations omitted).

In the context of a guilty plea, the Supreme Court has held as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based upon ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of attorney competence. . . . The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985).

In his first ineffective assistance of counsel claim, Kemp contends that his

attorney overlooked the Government's alleged failure to establish a factual basis regarding drug quantity. Drug quantity, however, is not an element of the offense charged. Kemp was charged with two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a). Proof of a specific amount is not required. *See United States v. Wettstain*, 618 F.3d 577 (6th Cir. 2010); *United States v. Garcia*, 252 F.3d 838 (6th Cir. 2001). Even if drug quantity was an element of the offense, Defendant Kemp stipulated to those amounts in his Rule 11 Plea Agreement and Sentencing Guideline Worksheets. *See* Rule 11 Agreement, Dkt. # 37, Pg ID 72, 80.

Kemp next claims that at the time of sentencing, his attorney failed to request a downward departure under U.S.S.G. § 4A1.3. However, the Sentencing Memorandum filed by Defendant's attorney belies this contention. There, defense counsel argued that Kemp's criminal history was overstated. *See* Defendant's Sentencing Memorandum, Dkt. # 39, Pg ID 95-96. Defendant's counsel raised the issue again during the sentencing hearing. *See* Sentencing Hearing Tr., Dkt. # 46, Pg ID 171-182. To be sure, defense counsel solicited the Court for a downward departure many times. Kemp's ineffective-assistance-of-counsel argument on this ground, therefore, is without factual merit.

In his third claim, Kemp argues that his attorney deprived him of effective assistance when he failed "to file a motion to suppress the § 841(a)(1) offenses for insufficient evidence of drug amount." This is essentially the same as Kemp's first argument. As indicated, proof of drug amount is not an element of the charged offenses.

In fact, the Sixth Circuit has determined that "drug type and quantify are irrelevant to the mens rea of a section 841(a) offense, which requires nothing more than a defendant's specific intent to possess or distribute a controlled substance." *Wettstain*, 618 F.3d at 586; *United States v. Gunter*, 551 F. 3d 472, 484-85 (6th Cir. 2009); *see also United States v. Baker*, 432 F.3d 1189, 1233 (11th Cir. 2005) ("[B]ecause the specific amount and type of drugs are not elements of the offense, the government's failure to prove the amount or type charged in the indictment does not merit reversal.") Given the state of the law, Defendant Kemp's attorney was under no obligation to file a motion with no legal basis. *See United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004) ("[C]ounsel cannot be said to be deficient for failing to take frivolous action ... [and] failing to make a motion with no chance of success could not possibly prejudice the outcome.")

    Lastly, Kemp asks that the Court conduct an evidentiary hearing to determine the merits of his claims. Given the nature of Defendant's claims, an evidentiary hearing is not warranted. The questions raised in Kemp's first and third ineffective assistance of counsel claims revolve around drug quantity. An evidentiary hearing is not required to determine the merits of those claims because the law is clear that drug quantity is not an element of a section 841(a) offense. The Sixth Circuit has held that "[T]here is no reason to conduct an evidentiary hearing [on a § 2255 motion] to resolve a purely legal issue." *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). Defendant's remaining issue is contradicted by the record. The Sentencing Hearing transcript and Defendant's

Sentencing Memorandum prove that Defendant's counsel requested a downward departure. "No hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record...." *See Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999); *see also Amr v. United States*, 280 F. App'x 480, 485-86 (6th Cir. 2008) (holding that a prisoner was not entitled to a hearing on an ineffective-assistance-of-counsel claim where the claim was conclusively refuted by the record).

For all of the foregoing reasons, the Court concludes that Defendant Kemp is not entitled to relief from the sentence imposed upon him. Accordingly, Defendant's § 2255 Motion will be DENIED.

The Court will also deny a certificate of appealability. Before a Section 2255 movant may appeal an adverse decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the matter should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district

6

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a), 28 U.S.C. foll. § 2255.

For the reasons stated in this Opinion, the Court will deny Defendant Kemp a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court also will deny leave to appeal *in forma pauperis* as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

## CONCLUSION

For all of the reasons set forth above in this Opinion and Order,

IT IS HEREBY ORDERED that Defendant Kemp's § 2255 Motion to Vacate his Sentence **[Dkt. # 42]** is DENIED, and his Motion for Sentencing Transcripts in Order to File an Accurate Reply to the Government's Response **[Dkt. # 49]** is denied as MOOT. Accordingly,

IT IS FURTHER ORDERED that Civil Action No. 15-cv-11059 is DISMISSED, with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED. Leave to appeal *in forma pauperis* also is DENIED.

                                              s/Gerald E. Rosen
                                              United States District Judge

Dated: November 9, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2016, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135